REGAN, Judge.
Plaintiff, E. J. Bordelon, the owner and operator of a 1949 DeSoto Sedan, instituted this suit endeavoring to recover the sum of $136.22, representing property damage incurred to his automobile on December 25, 1950, between 1:30 and 2:00 a. m., by virtue of a collision near the intersection of Lakeshore and Marconi Drives, in the City of New Orleans, with a 1946 % ton Ford Panel truck, owned by the defendant, John E. Zimmerman, and allegedly negligently operated by his wife, Mrs. Alena Zimmerman, also a defendant herein.
Defendants filed the exceptions of no right or cause of action and vagueness, which were overruled, and then answered admitting the occurrence of the accident, but denying that Mrs. Zimmerman was guilty of any negligence in the premises and averring that the accident was caused entirely by the negligence of the plaintiff.
From a judgment in favor of defendants dismissing plaintiff’s suit he has prosecuted this appeal.
The record reveals that the collision occurred in Lakeshore Drive near the entrance to Marconi Drive. Lakeshore Drive consists of four traffic lanes, the two inland lanes accommodate eastbound traffic and the two lakeside lanes accommodate westbound traffic.
The plaintiff, accompanied by his wife, Mrs. Margaret Bordelon, and two guests, Mr. and Mrs. Joseph Dempsey, was operating his vehicle, approximately twenty miles per hour, in Lakeshore Drive in the right lakeside lane and approaching Marconi Drive. Defendant, Mrs. Zimmerman, was operating her vehicle at a speed of twenty-five miles per hour approximately one hundred feet in the rear of plaintiff’s vehicle, in the left lakeside lane or the second lane removed from the seawall, with the fixed intention of passing plaintiff’s vehicle.
Plaintiff contends that when the collision occurred he had brought his car to a “full stop” in the right-hand lane with all lights, including directional lights, burning, and that it was, therefore, his obvious intention to execute a left-hand turn into Marconi Drive, but that he had cautiously waited for defendant’s truck to pass, which he had previously observed through his rearview mirror. Plaintiff insists that defendant’s truck sideswiped the left front section of his automobile; that the collision was caused by the negligence of the driver thereof in not maintaining a proper lookout; failing to keep her vehicle under proper control; in failing to see or acknowledge plaintiff’s automobile stopped in the right westbound lane of Lakeshore Drive, and in operating her vehicle at a fast and excessive rate of speed which resulted in overdriving her headlights, all *814 in contravention of Ordinance No. 13702, C.C.S. of the City of New Orleans.
Defendants, in opposition thereto, concede that plaintiff was operating his vehicle in the right lane in a westerly direction and that Mrs. Zimmerman was operating her vehicle in the left or second lane removed from the seawall, moving in the same direction, approximately one hundred feet in the rear of plaintiff; that plaintiff, while an occupant of that lane reduced the speed of his vehicle, apparently with the initial intention of executing a left-hand turn into Marconi Drive and that it was her impression, which she acquired from the overt actions of plaintiff, that he intended to fully stop in this lane before attempting this turn and, therefore, she proceeded to pass him and, as she did, he initiated the first movement of a left turn and, as a result thereof, struck the rear section of the right front fender of her truck with the left front section of his car.
Defendants insist that the accident was caused solely through the negligence of plaintiff who imprudently endeavored to- execute a left-hand turn into Marconi Drive and, as a consequence thereof, plaintiff drove the left front of his vehicle into the right side of their truck.
Plaintiff, in addition to himself, produced three witnesses who testified as to the maneuvers of both vehicles which resulted in the collision. His wife and Mr. and Mrs. Dempsey, who were passengers in plaintiff’s vehicle, stated that at the moment when the collision occurred their vehicle was entirely in the right-hand lane and was at a full stop. They further testified that they were “riding around” at that hour of the morning merely “to- see the Christmas tree lights.”
The defendants’ truck at the time the accident occurred was occupied by Mrs. Zimmerman, the operator thereof, and her husband, who¡ was seated next to her, and two children, five and seven years of age respectively, who were occupants in the rear thereof. They were on their way home after having visited Mr. Zimmerman’s mother who was ill. Mrs. Zimmerman testified without equivocation that as-she endeavored to properly pass the plaintiff, he unexpectedly initiated a left-hand turn and ran his car into the.rear section of the right front fender of her truck. She was fully corroborated in all essential aspects of her testimony by her husband.
The physical damage which occurred to both vehicles involved in the accident tends to corroborate defendants’ version of the accident.
The only question posed for our consideration by virtue of the foregoing revelation is one of fact and that is whether the negligence of defendant was the proximate cause of the collision. The trial judge resolved the answer to this question of fact in favor of defendants and our careful evaluation of the testimony contained in the record fails to- disclose any reason, factual or otherwise, which would' lead us to believe that the judgment of' the trial court was incorrect.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.